## MATTER OF VICEDO

In Section 212(e) Proceedings

A-14254637

*Decided by District Director June 6, 1968*

An exchange alien from the Philippines has established that exceptional hardship within the meaning of section 212(e) of the Immigration and Nationality Act would result to her 2 U.S. citizen children since they are too young to be separated from her and would have to accompany her abroad; she could not accept employment abroad unless she obtained someone to care for the children, whereby they would be deprived of her special care and attention during employment hours; the husband/father, a Filipino enlistee in the U.S. Navy, subject to military orders, could not accompany the family, thus depriving the children of his love and direction; it would be difficult, if possible, for him to pay the family's transportation abroad and properly maintain it there; further, Commissary and Post Exchange privileges would not be available to his family abroad.

The applicant, Mrs. Flordeliz Q. Vicedo, is a 27-year-old native and citizen of the Philippines. She was admitted to the United States under her maiden name, Flordeliz M. Quimlot, as an exchange visitor on June 23, 1961 for training as a medical technologist under Program P–II–712 at St. Elizabeth Hospital in Covington, Kentucky. She transferred to St. Mary's Hospital in Long Beach, California and continued her training under program P–I–484 until September 1964. She married a native citizen of the Philippines in Long Beach, California on August 8, 1964. He had enlisted in the Navy under a provision of an agreement between the United States and the Republic of the Philippines of March 14, 1947, by which the United States could recruit citizens of the Philippines for service in the United States Armed Forces. His enlistment was in the Philippine Islands and he has never been inspected or admitted to the United States for immigration purposes. He is still in the United States Navy. The applicant presently resides in Long Beach, California with her husband and their two native United States citizen children.

If the applicant returns to the Philippines, the children would

have to accompany her as they are too young to be separated from their mother. They would seriously handicap if not eliminate entirely their mother's opportunities for employment. In the event she obtains employment, it would be necessary to hire a reliable person to care for the children during her working hours. They would then be denied the special care and attention of their mother during her hours of employment. The applicant's husband is subject to military orders and would not be able to accompany his family to the Philippines. Consequently, the children would be deprived of his love and direction. Furthermore, in the Philippines, Commissary and Post Exchange privileges are not available to dependents when the service member is not stationed there. It would be difficult, if possible, for the applicant's husband to pay his family's transportation to the Philippines and properly maintain it abroad and himself separately on his salary from the Armed Forces.

Section 212(e) provides, in part, as follows:

... upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest ...

In view of the foregoing, it has been determined that the applicant's compliance with the foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, would impose exceptional hardship on her United States citizen children. The Secretary of State has reviewed the matter and has recommended that the foreign residence requirement be waived.

It has been found that the admission of the applicant to the United States would be in the public interest.

ORDER: It is ordered that the application of Flordeliz Q. Vicedo for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, be granted.